**TRAVIS E. SHETLER, ESQ.**
Nevada State Bar No. 4747
**TRAVIS E. SHETLER, PC**
844 East Sahara Avenue
Las Vegas, NV 89104
Telephone:   (702) 866-0091
Facsimile:    (702) 866-0093
Attorney for Defendant
**KEVIN WRIGHT**

<br>

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR-S-08-0178-PMP(RJJ) |
| Plaintiff, ) | |
| v. ) | **SENTENCING MEMORANDUM** |
| KEVIN WRIGHT, ) | **ON BEHALF OF KEVIN WRIGHT** |
| Defendants. ) | |

      Through counsel, KEVIN WRIGHT, files the following Sentencing Memorandum setting forth the many factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553 (a).

### Sentencing under BOOKER

      This Honorable Court is well aware of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 756 (2005) and the discretion as well as the duties thereby given to the sentencing Judge to apply the mitigating factors found in 18 U.S.C. § 3553(a) to the facts of each defendant.[1]  As outlined in the report of Dr. Gareth Lasky Ed.D attached hereto, the Defendant

---

[1]  See United States v. Booker, 125 S. Ct. 738, 756 (2005) and its progeny. On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S.466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). The Court severed and excised the mandatory provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757. Under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §

1

KEVIN WRIGHT came to be involved with the court system at a late age.

KEVIN WRIGHT is one of five (5) children and the father of six (6). During the course of representing KEVIN WRIGHT, the undersigned counsel has had an opportunity to meet with his client and members of his client's family.  The undersigned counsel, Defendant Wright and his family members appreciate the opportunity provided by this Honorable Court to throughly evaluate the Defendant, his actions, and the facts and circumstances relevant to both the defense and the sentencing of KEVIN WRIGHT.

**Application of the Statutory Sentencing Factors
to the Facts of this Case**

In KEVIN WRIGHT's case, the following factors must be considered  when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1.    The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense:**

As outlined in the Pre-sentence Report by United States Probation Officer Joseph F. Gulla, KEVIN WRIGHT's role in the present offense was significant. However, it is also important to recognize that KEVIN WRIGHT's criminal history is minimal.

KEVIN WRIGHT's  role in the instant case consisted of finding buyers to purchase residential properties and creating or directing the creation of fraudulent documents for straw buyers needed to qualify for the mortgage loans.  KEVIN WRIGHT stands before this Court accepting full responsibility for his actions and blames only himself for taking the steps which caused him to end

---

3553(a). The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."
Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation:
in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

up in his current situation.

**(b) History and Characteristics of KEVIN WRIGHT:**

See Dr. Gareth Lasky's report.

**2   The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**

**(A)   To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;**

KEVIN WRIGHT did commit a criminal act and he is ready willing and able to pay his debt to society. However, the sentence imposed by the guidelines is excessive in his case. As he has a minimal criminal history and he is beyond the age where recidivism drastically decreases, Mr. Wright should be considered for supervised release.

**(B)   To afford adequate deterrence to criminal conduct;**

KEVIN WRIGHT's behavior in this case was an aberration from his norm and he does not fit the profile for recidivism. The value of the family connection KEVIN WRIGHT has is of the utmost importance and he does not wish to put these relationships at risk again. Disclosure of his criminal activity, charges and impending sentencing to his friends, family members, peers, his Bishop, his Stake President and the loss of his standing in church has already served to deter any future criminal activity.

**(C)   To protect the public from further crimes of the defendant;**

For the reasons already discussed and as outlined in Dr. Gareth Lasky's report, KEVIN WRIGHT poses no threat to the public as a future criminal.

**(D)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

It is the position of defense counsel that this goal can easily be addressed by a period of supervised release combined with the highly interactive role KEVIN WRIGHT's church relationships can provide as outlined in Dr. Lasky's report. In the alternative, KEVIN WRIGHT seeks placement in house arrest.

///

### 3. The Kinds of Sentences Available

In <u>Booker</u>, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>Booker</u>, 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. <u>Id.</u>  18 U.S.C. §§ 3551, 3559, 3561, 3571, and 3581 set forth the types of available sentences based upon defendant's conviction.

In keeping with those statutory guidelines, it is the undersigned position that supervised release is sufficient in the case of KEVIN WRIGHT.

### 4. The sentencing Range Established by the Sentencing Commission

The correct guideline range should be thirty to thirty seven (30/37) months as set forth in the Pre-sentence Report.

Pursuant to the plea agreement entered into between KEVIN WRIGHT and the Government, as well as the undersigned counsel's conversations and communications with the Assistant United States Attorney it is expected that KEVIN WRIGHT will also receive the benefits of a § 5K (substantial assistance) departure.  At this time the amount of that departure is unknown and will be more fully discussed at sentencing.  This Honorable Court has the authority to impose a sentence of less than thirty to thirty-seven (30/37) months as it is unwarranted for KEVIN WRIGHT.  It is KEVIN WRIGHT's position that supervised release is sufficient or in the alternative house arrest is more than sufficient to punish KEVIN WRIGHT.

**Proposed "Statement of Reasons Pursuant to 18 U.S.C. § 3553©)"
for sentence below guideline range.**

KEVIN WRIGHT's profile is distinctly different from that of a hardened criminal. He does not and has not exhibit(ed) a persistent pattern of antisocial activity from an early age.  He demonstrates moral development and a dedication to his community, his family, his church  and his other relationships. The acts to which he has pled guilty occurred not as a result of criminal intent, but rather as a result of an entrepreneur with ambitious goals. These acts are in KEVIN WRIGHT's past.

**Conclusion**

      For the foregoing reasons, KEVIN WRIGHT respectfully submits that a sentence of supervised release is sufficient to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    /s/
    Travis E. Shetler, Esq.